UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA HULL,

       Plaintiff,

v.                                                     Case No. 12-14385
                                                          Honorable Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**and**
**DISMISSING ACTION**

      This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation **[Doc. No. 17, filed October 21, 2013]**. Plaintiff Tina Hull filed Objections to the Report and Recommendation on October 31, 2013.

      Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. This Court does not have the authority to reweigh the factual evidence before the ALJ if the ALJ's decision is supported by substantial evidence.  The Court agrees with the Magistrate Judge that the ALJ's findings as to Plaintiff's credibility is supported by substantial evidence.

As to Plaintiff's objection to the Magistrate Judge's report regarding the ALJ's credibility determination, as noted by the Magistrate Judge, the ALJ relied on medical and non-medical evidence to support his credibility determination and gave specific reasons for finding Plaintiff's testimony not wholly credible.

Regarding the mental impairment objection, the Court agrees with the Magistrate Judge that the ALJ properly included the ability to maintain concentration in a hypothetical to the VE. As the Sixth Circuit in *Ealy v. Commissioner of Social Security*, 594 F.3d 504, 516 (6th Cir. 2010) noted, the hypothetical need not list a claimant's medication condition, the hypothetical should provide the vocational expert with the ALJ's assessment of "what" the claimant "can and cannot do."  The ALJ did not expressly note in her hypothetical that Plaintiff suffered depression, but the hypothetical sufficiently noted what Plaintiff could or could not do–"limitations in the ability to maintain concentration for extended periods due to pain and fatigue."  (Doc. No. 7, at 20) In her decision, although the ALJ listed several severe impairments, including depression, the ALJ found that despite these impairments, the medical evidence did not support listing-level-level severity and there was no acceptable medical source finding equivalent in severity to the criteria of any listed impairment, individually or in combination. (ALJ, AR 19)  The ALJ found that Plaintiff's mental impairment did not meet or medically equal the criteria of listing 12.04.  (ALJ, AR 19)

Plaintiff objects to the Magistrate Judge's findings regarding obesity and fibromyalgia. The Court agrees with the Magistrate Judge that the ALJ properly considered Plaintiff's obesity and fibromyalgia impairments. The ALJ addressed Plaintiff's weight and fibromyalgia at the hearing. (AR 550-51, 21-24)  The ALJ's hypothetical to the VE included "what" Plaintiff could do or could not do given Plaintiff's obesity and fibromyalgia impairments. (ALJ, AR 20)

The final objection relates to the VE's testimony. In light of the above, the Court agrees with the Magistrate Judge, that the ALJ's hypotheticals posed to the VE as to Plaintiff's residual functional capacity were appropriate and not confusing.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Mona K. Majzoub **[Doc. No. 17, filed October 21, 2013]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 12, filed March 15, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motions for Summary Judgment **[Doc. No. 15, filed June 14, 2013]** is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision is AFFIRMED.

**IT IS FURTHER ORDERED** this action is DISMISSED with prejudice.

Dated:  December 19, 2013        S/Denise Page Hood
                                 Denise Page Hood
                                 United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2013, by electronic and/or ordinary mail.

                                 S/LaShawn R. Saulsberry
                                 Case Manager